# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS VILLEGAS,<br><br>            Plaintiff,<br><br>    v.<br><br>MATHEW CATE, et al.,<br><br>            Defendants. | CASE NO. 1:10-cv-01917-OWW-SKO PC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(Doc. 9) |

   Plaintiff Carlos Villegas, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 14, 2010. On December 2, 2010, Plaintiff filed a motion seeking the appointment of counsel pursuant to the Pro Bono Program of the Eastern District of California. 28 U.S.C. § 1915(e)(1); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).

   Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1981). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. Palmer at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither consideration is dispositive and they

///

must be viewed together. Palmer 560 F.3d at 970 (citation and quotation marks omitted); Wilborn 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances exist at this time.[1] Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Therefore, Plaintiff's request for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

**Dated:   March 25, 2011**                    /s/ Sheila K. Oberto
                                               UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's complaint is pending screening. 28 U.S.C. § 1915A. Once Plaintiff's complaint has been screened, the Court may revisit this issue sua sponte if it finds the circumstances warrant that action. In the alternative, Plaintiff is not precluded from renewing his motion for the appointment of counsel at a future stage in the proceedings.

2