**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS VILLEGAS, | CASE NO. 1:10-cv-01917-AWI-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| MATHEW CATE, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

**First Screening Order**

**I.      Screening Requirement and Standard**

Plaintiff Carlos Villegas, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 14, 2010. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's

1  allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v.
2  Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation
3  omitted).
4       While prisoners proceeding pro se in civil rights actions are still entitled to have their
5  pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is
6  now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive
7  screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to
8  allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged,
9  Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572
10 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not
11 sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal,
12 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Eighth Amendment Medical Care Claim**

   **A.     Summary of Allegations**

15      Plaintiff, an inmate incarcerated at California State Prison-Corcoran since 2000, alleges that
16 he suffers from numerous spinal issues, including degenerative spur formations, reversal of the
17 cervical lordosis, degenerative disc disease, posterior disc protrusion with nerve root impingement,
18 disc desiccation, collapsed discs, spinal cord impingement and deformation, and chronic
19 myoligamentous pain disease.  Plaintiff suffers from the loss of strength and sensation in his
20 extremities, torn tendons, and hearing loss.  Plaintiff describes his symptoms as chronic and
21 disabling, and they include severe headaches; severe neck muscle spasms; neck and back pain with
22 radiation to the arm and leg; shoulder and neck pain; numbness and tingling in the arm, hand,
23 fingers, leg, feet, head and neck; difficulty walking and grasping objects; sleeplessness; decreased
24 appetite; stress; and emotional problems.  Plaintiff alleges that he has been denied medical care
25 and/or access to appropriate, competent medical care for his serious health issues.
26      Plaintiff seeks to impose liability under section 1983 against California Department of
27 Corrections Director Mathew Cate; Health Care Services Deputy Director Denny Sallade; Wardens
28 A. K. Scribner, Derral G. Adams, and Raul Lopez; Chief Medical Officers Edgar Clark and William

McGuinness; Doctors Thirakomen, Leo P. Langlois, Jeff Neubarth, Hasadsri, and Catalino Dureza; and Does 1-50 for the violation of his rights under the Eighth Amendment of the United States Constitution.

Plaintiff also alleges the existence of supplemental jurisdiction over state law claims. However, no state law claims are pled with any specificity, and Plaintiff is notified that for state law tort claims, compliance with the Government Claims Act is required and it must be specifically pled in the complaint, which it was not.[1] Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988).

**B.  Legal Standard**

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. E.g., Patel v. Kent School Dist., 648 F.3d 965, 971 (9th Cir. 2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). For *each* defendant named, Plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). There is no *respondeat superior* liability under section 1983, and each defendant may only be held liable for misconduct that can be directly attributed to him or her. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must show deliberate indifference to his serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted). The two-part test for deliberate indifference requires the plaintiff to show (1) a serious

---

[1] The Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2011).

3

1  medical need by demonstrating that failure to treat a prisoner's condition could result in further
2  significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response
3  to the need was deliberately indifferent. Jett, 439 F.3d at 1096 (quotation marks and citation
4  omitted).

5  Deliberate indifference may be manifested when prison officials deny, delay or intentionally
6  interfere with medical treatment, or it may be shown by the way in which prison physicians provide
7  medical care, Jett, 439 at F.3d 1096 (citation and quotations omitted), but it is a high legal standard,
8  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (quotation marks omitted). Prison officials
9  must not only be aware of the facts from which the inference could be drawn that a substantial risk
10 of serious harm exists, but they must also draw the inference. Toguchi, 391 F.3d at 1057 (citation
11 and quotation marks omitted). If a prison official should have been aware of the risk, but was not,
12 then the official has not violated the Eighth Amendment, no matter how severe the risk. Id. (citation
13 and quotation marks omitted).

14 **C.    Discussion**

15 Plaintiff has sufficiently alleged the existence of serious medical needs. Lopez v. Smith, 203
16 F.3d 1122, 1131-32 (9th Cir. 2000). However, Plaintiff has not sufficiently linked the named
17 defendants to deliberate indifference toward his medical needs. Plaintiff's allegations are largely
18 conclusory and he relies heavily on extended citations to state prison regulations, which are
19 irrelevant to Plaintiff's constitutional claim, and vague legalese, which does not assist Plaintiff in
20 stating a plausible claim for relief. (E.g., Comp., ¶18 at pp. 12-15.) Plaintiff's complaint does set
21 forth some separate, distinct events relating to his medical needs, but the requisite causal linkage
22 between the events and a showing of deliberate indifference as to each defendant falls short.

23 Medical malpractice does not violate the Constitution, Estelle v. Gamble, 429 U.S. 97, 106,
24 97 S.Ct. 285 (1977), and neither do isolated occurrences of neglect, O'Loughlin v. Doe, 920 F.2d
25 614, 617 (9th Cir. 1990); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Further,
26 Plaintiff's mere disagreement with a course of treatment will not support a claim. Franklin v.
27 Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). There are certain medical conditions with no end-cure
28 and for which it is impossible to achieve a pain-free or symptom-free status. Thus, while the

existence of medical needs which include chronic, substantial pain and disabling symptoms easily satisfies the objective element for an Eighth Amendment claim, more is required to satisfy the subjective element. Prison medical officials are certainly entitled to explore different avenues of testing and treatment and they are also entitled to act conservatively in doing so, all without running afoul of the Constitution. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986). On the other hand, the Eighth Amendment forbids the wanton and unnecessary infliction of pain, Estelle, 429 U.S. at 105-06, and prison officials may not choose a medically unacceptable course of treatment in conscious disregard of an excessive risk to an inmate's health. Jackson, 90 F.3d at 332 (quotation marks omitted).

Here, the Court finds that Plaintiff's allegations fall short of satisfying the plausibility standard. Plaintiff's medical needs are great and he cannot be left to needlessly suffer from pain or other serious symptoms. However, Plaintiff must link each named defendant to actions or omissions which support a claim of deliberate indifference and this requires more than a mere possibility that they committed misconduct. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969. Further, Plaintiff may not pursue claims under section 1983 against individuals such as Cate, Sallade, Scribner, Adams, and Lopez based simply on their executive or managerial-level positions with the California Department of Corrections and Rehabilitation.

The Court suggests to Plaintiff that in his amended complaint, he focus on those defendants who were aware of his medical needs, but who, in spite of this knowledge, failed to provide adequate treatment under the circumstances. While the personal involvement in the examination and treatment of Plaintiff is not necessarily required, for those who did not have that any clear, direct, day-to-day involvement, there still must exist a causal connection to the violation of Plaintiff's rights. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Starr, 652 F.3d at 1205-06; Corales, 567 F.3d at 570.

**III.   Conclusion and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change

the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Given that Plaintiff's complaint includes events from 2000 to 2009, Plaintiff is cautioned that a statute of limitations applies to his claims. For claims which accrued prior to January 1, 2003, the statute of limitations was one year and for claims which accrued on or after January 1, 2003, the statute of limitations was two years. Cal. Civ. Proc. Code § 335.1; Jones v. Blanas, 393 F.3d 918, 927 (2004); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004). In addition, if Plaintiff is serving a sentence of less than life, a two-year tolling statute applies.[2] Cal. Civ. Proc. Code § 352.1. If the tolling statute applies, Plaintiff had between three and four years to file suit based on the events. In addition, it is possible that other tolling doctrines apply. McDonald v. Antelope Valley Community College Dist., 45 Cal.4th 88, 101 (Cal. 2008); Donoghue v. County of Orange, 848 F.2d 926, 930-31 (9th Cir. 1988); Addison v. State of California, 21 Cal.3d 313, 318, 146 Cal.Rptr. 224, 578 P.2d 941 (1978). However, claims which accrued in the early 2000s were almost certainly barred by October 14, 2010, even assuming the availability of statutory tolling and, for example, tolling for exhaustion.

Finally, an amended complaint supercedes the prior complaint, Forsyth, 114 F.3d at 1474; King, 814 F.2d at 567, and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

///

---

[2] If Plaintiff was sentenced to life without the possibility of parole, he is not entitled to statutory tolling under section 352.1.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed, with leave to amend;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

**Dated:  January 3, 2012**                            /s/ Sheila K. Oberto
                                            UNITED STATES MAGISTRATE JUDGE