# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS VILLEGAS, | CASE NO. 1:10-cv-01917-AWI-SKO PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING CERTAIN DEFENDANTS, AND REFERRING MATTER BACK TO MAGISTRATE JUDGE TO INITIATE SERVICE OF PROCESS |
| v. | |
| MATHEW CATE, et al., | |
| Defendants. | (Docs. 22 and 25) |
| _____/ | |

Plaintiff Carlos Villegas, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 14, 2010.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 11, 2012, the Magistrate Judge screened Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A and issued a Findings and Recommendations recommending dismissal of certain parties based on Plaintiff's failure to state a claim against them.  Plaintiff filed a timely Objection on November 5, 2012.

Plaintiff objects to the recommendation that Defendants Clark, Cate, and Sallade be dismissed for failure to state a claim.  Plaintiff contends that Defendant Clark was the Chief Medical Officer and his personal knowledge of Plaintiff's medical condition was demonstrated by his signature on Plaintiff's inmate appeals, and he knew or should have known that Plaintiff was not being provided with sufficient medical care.  (Doc. 26, Obj, ¶3.)  Plaintiff contends that Defendants Cate and Sallade held "executive, administrative, and/or supervisory positions overseeing" healthcare, they were responsible for implementing "policies, practices and procedures" which led

1

to the failure to adequately treat Plaintiff's medical needs, and evidence of their "culpable action or inaction may be obtained [through] discovery." (Id., ¶5.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. The Magistrate Judge addressed Plaintiff's allegations in detail and clearly explained why they fell short of supporting a claim under section 1983 for violation of the Eighth Amendment of the United States Constitution.

Defendants Clark, Cate, and Sallade may not be held liable for the violation of Plaintiff's constitutional rights under a theory of *respondeat superior*, and bare, unsupported allegations of personal knowledge or of involvement at a policy-making level are insufficient to support a plausible claim for relief under section 1983. Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates and therefore, there are circumstances under which involvement in responding to an inmate appeal may be sufficient to support a claim under section 1983. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006); accord Snow v. McDaniel, 681 F.3d 978, 989 (9th Cir. 2012). Likewise, involvement in the creation or enforcement of policies which are the moving force behind the constitutional violation at issue may support a claim under section 1983. Starr v. Baca, 652 F.3d 1202, 1205 (9th Cir. 2011); Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989). Here, however, Plaintiff's conclusory allegations are not sufficient to support a claim that Defendants Clark, Cate, and Sallade knowingly disregarded an excessive risk of harm to Plaintiff's health. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994).

Accordingly, IT IS HEREBY ORDERED that:

1.      The Findings and Recommendations, filed on October 11, 2012, is adopted in full;

2.      This action shall proceed on Plaintiff's Amended Complaint, filed on March 12, 2012, against Defendant Neubarth for violation of the Eighth Amendment;

3.    Plaintiff's Eighth Amendment claims against Defendants Langlois, Dureza, Clark, Hasadsri, Cate, Sallade, Adams, and Lopez are dismissed, with prejudice, for failure to state a claim under section 1983; and

4.    This matter is referred back to the Magistrate Judge to initiate service of process.

IT IS SO ORDERED.

Dated:    November 28, 2012

UNITED STATES DISTRICT JUDGE