# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS VILLEGAS, | Case No. 1:10-cv-01917-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR SUMMARY JUDGMENT AS MOOT, DISMISSING CASE FOR FAILURE TO PROSECUTE, AND DIRECTING CLERK'S OFFICE TO ENTER JUDGMENT |
| v. | |
| MATHEW CATE, et al., | |
| Defendants. | (Docs. 69 and 70) |

Plaintiff Carlos Villegas ("Plaintiff"), a prisoner proceeding *pro se* and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 14, 2010. This action is proceeding on Plaintiff's amended complaint against Defendant Neubarth ("Defendant") for violation of the Eighth Amendment of the United States Constitution. On November 9, 2015, Defendant filed a motion for summary judgment and on November 10, 2015, the Court ordered Plaintiff to file a response within twenty-one days. Local Rule 230(*l*). Plaintiff's response was due on or before December 4, 2015, and he did not comply with the order or otherwise contact the Court.[1]  Fed. R. Civ. P. 6(d); Local Rule 230(*l*).

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los*

---

[1] On November 23, 2015, the United States Postal Service returned the order as undeliverable. Additionally, the scheduling order filed on October 9, 2015, was returned as undeliverable. Plaintiff has not notified the Court of any change in his address, however, and absent such notice, service at a party's prior address is fully effective. Local Rule 182(f).

*Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action for failure to comply with a pre-trial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal," *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation and internal quotation marks omitted), and Court's need to manage its docket weighs in favor of dismissal, as "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants," *Pagtalunan*, 291 F.3d at 642 (citation and internal quotation marks omitted).  The prejudice factor weighs against dismissal because the mere pendency of an action does not constitute prejudice, and public policy favors disposition on the merits -- which weighs against dismissal.  *In re PPA*, 460 F.3d at 1228; *Pagtalunan*, 291 F.3d at 642-43.

Nevertheless, there are no alternative sanctions which are satisfactory.  *In re PPA*, 460 F.3d at 1228-29; *Pagtalunan*, 291 F.3d at 643.  A monetary sanction has little to no benefit in a case in which the plaintiff is proceeding in forma pauperis, and based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute.  *Id.*  This action, which has been pending since 2010, requires Plaintiff's cooperation in its prosecution.  The action cannot simply remain idle on the Court's docket, and the Court is not in a position to expend its scant resources resolving an unopposed motion in light of Plaintiff's demonstrated disinterest in continuing the litigation.  *Id.*

///
///
///
///
///

Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to prosecute; Defendant's motion for summary judgment is DENIED as moot; and the Clerk's Office shall enter judgment. *In re PPA*, 460 F.3d at 1226; Local Rule 110.

IT IS SO ORDERED.

Dated:   **December 24, 2015**                              **/s/ Sheila K. Oberto**
                                                     UNITED STATES MAGISTRATE JUDGE